UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

ALEKSANDR RAKHMANCHIK,

Plaintiff,

-v-

CIGNA-EVERNORTH SERVICES, INC.,

Defendant.

-----------------------------------------------------------------X

26-CV-01339 (JAV)

MEMORANDUM OPINION AND ORDER

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff Aleksandr Rakhmanchik ("Plaintiff") initiated this action on February 17, 2026, against Defendant Cigna-Evernorth Services, Inc. ("Defendant") for violations of Sections 502, 503, and 510 of the Employee Retirement Security Act of 1974 ("ERISA") related to Plaintiff's alleged wrongful discharge. *See* ECF No. 1. Plaintiff amended his complaint on May 8, 2026, setting out four claims against Defendant: (1) violation of Plaintiff's rights guaranteed by ERISA, (2) promissory estoppel under ERISA Section 502, 29 U.S.C. § 1132(a)(1)(B), (3) wrongful discharge under ERISA Section 510, 29 U.S.C. § 1140, and (4) unjust enrichment. ECF No. 20 ("Am. Compl."), ¶¶ 51-84.

During Plaintiff's employment, he signed a Voluntary Arbitration Agreement that "applies to any dispute, past, present or future, arising out of or related to [Plaintiff's] employment or relationship with Cigna." ECF No. 23-3 at 2. In signing, Plaintiff acknowledged that he had "carefully read and underst[ood] the Cigna Arbitration Agreement and agree to its terms" and further that he "agree[d] to be

count to the voluntary arbitration agreement." *Id.*

The agreement contains a carveout exempting "claims for employee benefits under any benefit plan sponsored by Cigna . . . covered by the Employee Retirement Income Security Act of 1974" from arbitration. *Id*. Neither party disputes that Plaintiff signed this arbitration agreement or that the agreement exempts certain ERISA claims from arbitration. *See* ECF No. 22 ("Mot. to Dismiss and Compel") at 5; Am. Compl., ¶ 46.

On May 29, 2026, Defendant filed a Motion to Dismiss and Motion to Compel Arbitration. *See* Mot. to Dismiss and Compel. Defendant argues, *inter alia*, that Plaintiff's Counts 1, 2, and 3 fail to state a claim under 29 U.S.C. §§ 1132, 1133, and 1140, *id.* at 7-15, and that Plaintiff's Count 4 should be compelled to arbitration, *id.* at 15-16. On June 23, 2026, Defendant filed a Motion to Stay Discovery pending resolution of its potentially dispositive motion. *See* ECF No. 29 ("Mot. to Stay"). Defendant contends that discovery related to Count 4 should be stayed because the claim is compelled to arbitration and that discovery related to Counts 1-3 should be stayed due to both a lack of merit and central factual issues that overlap with Count 4. *Id.*

For the following reasons, the motion to stay discovery is **GRANTED**.

**DISCUSSION**

"A motion to dismiss does not automatically stay discovery," and "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297

F.R.D. 69, 72 (S.D.N.Y. 2013) (citations omitted). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "upon a showing of good cause a district court has considerable discretion to stay discovery." *Id.* (quoting *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. 2009)). "Good cause" is assessed through the application of the following three factors: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Morien v. Munich Reins. Am., Inc.*, 270 F.R.D. 65, 67 (D. Conn. 2010); *Shulman v. Becker & Poliakoff, LLP*, No. 17-CV-9330 (VM)(JLC), 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018).

In cases where "a party seeks a discovery stay pending a motion to compel arbitration, courts [in this Circuit] have stayed without considering the three-factor test." *Oestreicher v. Equifax Information Servs., LLC*, 2023 WL 3819378, at *1 (E.D.N.Y. June 5, 2023); *see also Intertec Contracting Turner Steiner Int'l., S.A.*, No. 98-CV-9116 (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001). "A stay pending a motion to compel arbitration should be granted absent compelling reasons to deny it." *Alvarez v. Experian Info. Solutions, Inc.*, No. 19 -CV-03343 (JS)(JMW), 2021 WL 2349370, at *2 (E.D.N.Y. June 7, 2021).

In light of the pending motion to compel arbitration of Plaintiff's unjust enrichment claim, a stay of discovery as to Count 4 is warranted. As for Plaintiff's non-arbitrable claims, the Court exercises its discretion to stay discovery as to those claims as well. In particular, Defendant has made a substantial showing that the

plaintiff's ERISA claims are unmeritorious. In particular, Defendant in its moving papers contends that Plaintiff not only failed to plead that he met the criteria to recover benefits under the Severance Plan, his own allegations make clear that he did not qualify, as he was not employed at Cigna on the relevant dates. ECF No. 22 at 13-15. In his opposition papers, Plaintiff does not aver that he satisfies the plan criteria. ECF No. 25 at 13-14. He merely asserts that whether Defendant acted arbitrarily and capriciously or in bad faith in denying his benefits claim are questions of fact that cannot be resolved at the motion to dismiss stage. *Id.* Yet Plaintiff cannot state a claim under 29 U.S.C. § 1132(a)(1)(B) if he is unable to allege facts that plausibly establish that he is entitled to recover benefits due to him under the terms of a plan.

**CONCLUSION**

Accordingly, Defendant's Motion to Stay Discovery is **GRANTED**. The initial pretrial conference scheduled in this case for July 30, 2026, is adjourned *sine dia.* The Clerk of the Court is respectfully directed to terminate ECF No. 29.

SO ORDERED.

Dated: July 8, 2026
New York, New York

Jeannette Vargas
JEANNETTE A. VARGAS
United States District Judge